**HARRY KORETZKY v. EDWARD J. SINGER and REBA SINGER,**
his wife, **SAMUEL KULOK and CONSTANCE L. KULOK,** his wife.

32 So. (2nd) 5                                    June Term, 1947
October 7, 1947                                Special Division B

*Cleveland, Sibley & Davis,* for petitioner.
*Ward & Ward,* for respondents.

ADAMS, J.:

Pursuant to Rule 34 we review an order dismissing a counter-claim.

Respondent Singer et al., filed a bill for a declaratory decree to construe a lease, also seeking reformation of the lease, an accounting between the parties, discovery and an injunction against petitioner, as lessor, from further prosecuting an unlawful detainer proceeding.

An injunction was granted and we approved the order by denying certiorari to review it. Thereafter this petitioner answered the bill and by way of counterclaim asserted that the lessee had forfeited his lease by causing a bookmaking establishment to be operated upon the premises, in that wagers were solicited and made upon horse races in violation of the criminal law of Florida. The counterclaim was dismissed upon motion and it is that order now in question.

The lease provides:

"FIFTH: That the said premises shall not be used for any purpose other than that of conducting a hotel of good reputation and character and the said hotel shall be operated under the name of the NATIONAL HOTEL; but the property right in the said name shall remain the property of the Lessors, and the Lessees may not utilize the said name in the operation of any other hotel or apartment house and shall acquire no property interest therein.

"SIXTH: To use the said premises in pursuance with all laws, statutes and ordinances now or hereafter applicable and not to suffer or permit the same to be used for any illegal or immoral purpose.

"SEVENTH: To permit no use of the premises which will cause the hotel to have a reputation as a noisy or immoral place."

The lease also provided that no legal action would be taken for a default until after ten days' notice, within which time the lessee might correct the default.

On February 27, 1946, the lessor gave notice that the lease would be terminated within ten days because of the bookmaking unless the practice was stopped. Thereupon the lessee assured the lessor that the bookmaking would be stopped. In the months following large amounts of rentals were paid and accepted by lessor. In August, 1946, lessor gave further notice relative to other defaults and then filed an unlawful detainer action to gain possession of the premises whereupon this bill was filed to enjoin the eviction and other relief.

The order dismissing the counterclaim is defended mainly upon the theory that the acceptance of rents, after the giving of notice in February, waived the illegal use of the premises. This cannot be determined as a matter of law from the allegation of the counterclaim or the amended bill as they appear in this case. For waiver to apply, evidence is required to show the acceptance of rent with full knowledge that the illegal practice was unabated. Then, too, there is the fact that the subsequent illegal acts may have occurred even though the lessee may have corrected the illegal acts complained of in the notice of February, 1946. As to the subsequent acts, respondents say they are not responsive to the bill and since no notice was given they would be deprived of the ten days' period to correct them. These allegations are both responsive and germane to the bill. The act, Section 63.35, Fla. Stat., allows relief where any matter arises out of the transaction. When the equity court took cognizance of this suit it assumed jurisdiction of any and all questions pertaining to the parties under this lease. It divested the lessee of any remedies in the law courts. This proceeding is broad and comprehensive in scope and the defendant may assert any matter or thing arising out of the transaction, which in this case is the lease. The lessee naturally may have great concern about the probability of having his lease forfeited for subsequent illegal acts

whereas no notice has been given in conformity with the lease. Both parties are in a court of equity and in the event the trial court should find a violation of the lease in this respect, than the court could afford the lessee full benefit of the ten days' notice and an opportunity to abate the wrong.

The writ is granted and the order is quashed.

TERRELL, Acting Chief Justice, CHAPMAN and BARNS, JJ., concur.